1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHN WITHEROW, ET AL.,                )
                                       )       CV-N-01-0404-LRH (VPC)
        Plaintiffs,                    )
                                       )
    vs.                                )       **REPORT AND RECOMMENDATION**
                                       )       **OF U.S. MAGISTRATE JUDGE**
JACKIE CRAWFORD, ET AL.,               )
                                       )
        Defendants.                    )       May 25, 2006
_____)

        This Report and Recommendation is made to the Honorable Larry R. Hicks, United States

District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28

U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is plaintiffs' motion for injunctive relief

(#128).   Defendants opposed (#137), and plaintiffs replied (#142).   Defendants filed a

supplemental opposition (#150).

        The court has thoroughly reviewed the record and the motion and recommends that

plaintiffs' motion for injunctive relief (#128) be denied.

**I.  HISTORY & PROCEDURAL BACKGROUND**

        Plaintiff John Witherow ("Witherow") is currently incarcerated at Lovelock Correctional

Center ("LCC") in the custody of the Nevada Department of Corrections ("NDOC") (#151).

Witherow's claims involve events that occurred while he was incarcerated at Northern Nevada

Correctional Center ("NNCC") (#89).  Plaintiffs Julie Sikorski ("Sikorski") and Barbara Keenan

are his mother and a friend, respectively.  *Id*.  The motion for preliminary injunction is brought

by Witherow and Sikorski (#128).[1]  Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, alleging prison officials violated their civil rights during Witherow's incarceration at NNCC because defendants improperly censored Witherow's mail and failed to provide notice and an opportunity to appeal censorship decisions (#89).  Plaintiffs name as defendants Jackie Crawford, former NDOC director; and NNCC correctional officers Charles Fournier, Michael Hoff, and Steven Suwe.[2]  *Id.*

Plaintiffs allege defendants improperly censored Witherow's mail in violation of the First, Fourth, Sixth,[3] and Fourteenth Amendments.  *Id.*  Because plaintiffs allege 184 separate counts, the court will summarize the claims.  In count 1, plaintiffs assert that defendant Fournier censored Witherow's mail from his attorney on February 10, 2000, without notice or right to appeal.  *Id.*  In counts 2-4, plaintiffs contend that defendants Fournier and Hoff censored Witherow's mail to and from plaintiff Keenan on February 10, 11, and 29, 2000, without notice or right to appeal.  *Id.*  In counts 5-184, plaintiffs claim that Fournier and Hoff censored 180 pieces of Witherow's mail to and from plaintiff Sikorski (counts 5-24), plaintiff Keenan (counts 25-56), non-parties (counts 57-134), and Witherow's attorneys (counts 135-184).  *Id.*  Plaintiffs contend that Administrative Regulation ("AR") 750 directed that inmates receive notice when prison officials censor their mail and a right to appeal.  *Id.*

---

[1]Counsel for plaintiffs withdrew as to Keenan only (#136).

[2]Plaintiffs filed their third amended complaint on June 2, 2004 (#89).  On March 28, 2005, the District Court granted defendants' motion to dismiss in part and dismissed defendants Jackie Crawford and Steven Suwe, as well as plaintiffs' Fifth Amendment claims and First Amendment right to access to the courts claims (#98).  On September 26, 2005, the Court denied defendants Fournier and Hoff's motion to dismiss pursuant to Rule 12(b)(7) and Rule 19 of the Federal Rules of Civil Procedure (#118).

[3]Plaintiffs allege Sixth Amendment violations only in counts 1 and 135-184 regarding alleged censorship of mail between Witherow and his attorneys (#89).

## II.  DISCUSSION & ANALYSIS

### A.  Discussion

### 1.  Motion for preliminary injunction

To warrant preliminary injunctive relief in the Ninth Circuit, the petitioner must demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in his or her favor.  *Southwest Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 917 (9th Cir. 2003).  Preliminary injunctive relief is designed to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Lebron v. Comm'n John Armstrong*, 289 F. Supp.2d 56, 61 (D. Conn. 2003) (citation and internal quotations omitted).   To prevail on a motion for preliminary injunction, the court must first inquire whether plaintiff's constitutional claims will likely prevail on the merits.  *Luckette v. Lewis*,  883 F. Supp. 471, 475 (D. Ariz. 1995).

### 2.  Due process

The procedural guarantees of the Fourteenth Amendment's Due Process Clause apply only when a constitutionally-protected liberty interest is at stake.  *See Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1995).  Liberty interests can arise both from the Constitution and from state law. *Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974).  When deciding whether the Constitution itself protects an alleged liberty interest of a prisoner, the court should consider whether the practice or sanction in question "is within the normal limits or range of custody which the conviction has authorized the State to impose."  *Meachum v. Fano*, 427 U.S. 215, 225 (1976).

### 3.  Inmate correspondence

Prisoners have "a First Amendment right to send and receive mail."  *Witherow v. Paff*, 52

F.3d 264, 265 (9th Cir. 1995) (per curiam).  Prison regulations concerning out-going prisoner mail may need to further "important or substantial governmental interest[s] unrelated to the suppression of expression," *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), but they must at least more closely fit the interest served than regulations concerning in-coming mail, *see Thornburgh v. Abbott*, 490 U.S. 401, 412 (1989); *O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996); *Witherow*, 52 F.3d at 265.  Prison officials do not need to show that there is no less-restrictive mail policy that could serve the same penological interests.  *See Thornburgh*, 490 U.S. at 412; *Witherow*, 52 F.3d at 265.

Prison officials may justifiably censor out-going mail concerning escape plans, containing information about proposed criminal activity, or transmitting encoded messages.  *See Procunier*, 416 U.S. at 413.  Prison officials may also visually inspect out-going mail to determine whether it contains contraband material which threatens prison security or material threatening the safety of the recipient.  *See Witherow*, 52 F.3d at 266; Royse v. Superior Court, 779 F.2d 573, 574-75 (9th Cir. 1986).  Prison officials may prohibit correspondence between inmates based on security concerns.  *See Turner v. Safley*, 482 U.S. 78, 93 (1987).

### B.  Analysis

Witherow and Sikorski contend that defendants violated their First, Fourth and Fourteenth Amendment rights when they seized and censored plaintiffs' correspondence without affording them notice and an opportunity to appeal the censorship decision pursuant to AR 750 (#128). Witherow and Sikorski also claim that defendants lacked probable cause to censor Witherow's mail, also as required by AR 750 (#142-1).

Defendants counter that plaintiffs have not established that AR 750 established state-created rights so as to give rise to constitutional claims (#150).

Witherow and Sikorski's recitation of their version of the facts in their motion for preliminary injunction is devoid of any support, other than Witherow's statement in his affidavit that he is "competent to testify regarding the matters set forth herein" (#128, Ex. 1). Witherow's self-serving affidavit, standing alone, does not support his contention that he and Sikorski are likely to prevail on the merits.

Defendants noted that plaintiffs offered no evidence in support of their motion (#137); thereafter, plaintiffs attempted to address this lack of evidence in their reply (#142). Plaintiffs claim that the court should take judicial notice of a settlement agreement and of another lawsuit, but attach no exhibits regarding any other litigation. *See id.* Plaintiffs claim that their statement of facts is supported by the depositions of defendants Hoff, Fournier, and Suwe (who has been dismissed from this action), and plaintiffs attach over two hundred pages of deposition testimony, without any citations to specific pages or lines. The court notes that Local Rule 7-3(b) directs that "[a]ll citations shall include the specific page(s) upon which the pertinent language appears.[4] In *Orr v. Bank of America, NT & SA*, the Ninth Circuit upheld the exclusion of plaintiff's proffered evidence on several bases, including the following: "[plaintiff's] statement of undisputed facts fails to cite the page and line numbers when referring to the deposition contained in [the exhibit]. This defect alone warrants exclusion of the evidence." 285 F.3d 764, 774-75 (9th Cir. 2002). This court acknowledges that *Orr* involved a motion for summary judgment, but finds that the Ninth Circuit's admonishment that "[t]he efficient management of judicial business mandates that parties submit evidence responsibly" certainly applies to a motion for preliminary injunction when a court must examine the merits of the underlying action. *Id.* at 775.

---

[4]LR 7-3(b) specifically discusses citations to caselaw; however the rule applies generally to citations to authority and the court finds it axiomatic that counsel provide the court with more specific guidance than to blanket reference hundreds of pages of deposition testimony.

1    Plaintiffs refer to other motions in this action – omitting docket numbers – and exhibits

2 attached to other motions that the court has been unable to locate (*See, e.g.*, #142 at 5). Plaintiffs

3 cite to exhibits that they failed to include. *Id.*, citing to missing Exs. 9, 12. Plaintiffs also fail to

4 include the version of AR 750 in force at the time of the alleged violations. *See id.* Plaintiffs are

5 represented by counsel, and the evidence purportedly offered to show that they will likely succeed

6 on the merits is unnavigable and thus wholly deficient. Based on the motion as presented, the

7 court finds that plaintiffs have not shown a likelihood of prevailing on the merits.

8    With respect to irreparable injury, plaintiffs claim that they are suffering an ongoing and

9 irreparable injury as a direct result of defendants' censorship of their mail (#128). Plaintiffs assert

10 that they continue to be harmed because defendants disseminate information gleaned from their

11 mail and have placed the personal and confidential information in the public record in the course

12 of various judicial proceedings. *Id*. Plaintiff also argues that, as a matter of law, "[t]he loss of

13 First Amendment freedoms, for even minimal periods of time, unquestionably constitutes

14 irreparable injury." *Id., quoting Elrod v. Burns*, 427 U.S. 347, 373 (1976).

15    Defendants argue that plaintiffs have not demonstrated that constitutional rights have been

16 violated and that without such a showing, there is no irreparable injury (#150). Defendants also

17 point out that plaintiffs voluntarily initiated this litigation, knowing the shape and scope of their

18 claims, and they should have anticipated that any letters that were allegedly censored would be

19 relevant evidence to this litigation (#137).

20    The court finds that plaintiffs have not shown that they suffer ongoing injury. With

21 respect to the correspondence between Witherow and Sikorski, the alleged improper censorship

22 occurred during December 1999 and January 2000 (#152).[5] Of the alleged ongoing harms to

27 _____

28    [5]Different motions set forth different time frames, but it appears that longest period of censorship that plaintiffs' allege is from December 1999 to July 2000 (*See* #89).

Witherow that plaintiffs outline in their motion, only two – that he likely will continue to be denied parole and that programs and rehabilitation opportunities available to him have been limited based on the information contained in the censored letters – arguably constitute continuing harms (#128). However, plaintiffs mention those possible harms without elaboration or supporting evidence. *Id*. With respect to plaintiffs' claim that violations of their First Amendment rights constitute irreparable harm as a matter of law, the court reiterates that plaintiff's have not shown in a decipherable manner a likelihood of success on the merits so as to warrant the drastic remedy of preliminary injunction. *Sierra Club v. Hickel*, 433 F.2d 24, 33 (9th Cir. 1970) (citation omitted) ("'grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged except in a case clearly warranting it'"); *Associated General Contractors of California, Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1412 (9th Cir. 1991). Finally, this case has been pending for six years, and the court agrees with defendants that seeking injunctive relief at this point in the litigation is peculiar (#150).

Plaintiffs advance essentially the same arguments in support of their contentions that they raise serious questions on the merits and that the balance of hardships tip sharply in their favor (#128, 142). For the reasons discussed above, the court finds that plaintiff's claims lack merit. *See Southwest Voter Registration Educ. Project*, 344 F.3d at 918 ("[The] analysis creates a continuum: the less certain the district court is of the likelihood of success on the merits, the more plaintiffs must convince the district court that the public interest and balance of hardships tip in their favor."). Accordingly, the motion for preliminary injunction (#128) is denied.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiffs have not demonstrated a likelihood of success on the merits or irreparable harm so as to warrant

7

a preliminary injunction.  As such, the court recommends that plaintiffs' motion for preliminary injunction (#128) be denied.

The parties are advised:

1.   Pursuant to 28 U.S.C.  § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for preliminary injunction (#128) be **DENIED**.

**DATED:** May 24, 2006.

_Valerie P. Cooke_

_____
**UNITED STATES MAGISTRATE JUDGE**