UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN WITHEROW, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> JACKIE CRAWFORD, ET AL., <br><br> Defendants. | 3:01-CV-0404-LRH (VPC) <br><br> **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** <br><br> October 17, 2006 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiffs' motion for partial summary judgment (#152). Defendants opposed (#165), and plaintiffs replied (#173).

The court has thoroughly reviewed the record and the motion and recommends that plaintiffs' motion for partial summary judgment (#152) be denied.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff John Witherow ("Witherow") is currently incarcerated at Lovelock Correctional Center ("LCC") in the custody of the Nevada Department of Corrections ("NDOC") (#151). Witherow's claims involve events that occurred while he was incarcerated at Northern Nevada Correctional Center ("NNCC") (#89). Plaintiff Julie Sikorski ("Sikorski") is plaintiff Witherow's mother. *Id*. The motion for partial summary judgment is brought by Witherow and Sikorski

(#152).[1]  Plaintiffs bring their action pursuant to 42 U.S.C. § 1983, alleging prison officials violated their civil rights during Witherow's incarceration at NNCC because defendants improperly censored Witherow's mail and failed to follow their own administrative process requiring that NNCC provide a prisoner notice and an opportunity to appeal censorship decisions (#89).  Plaintiffs name as defendants Jackie Crawford, former NDOC director; and NNCC correctional officers Charles Fournier, Michael Hoff, and Steven Suwe.[2]  *Id*.

Specifically, plaintiffs allege defendants improperly censored Witherow's mail in violation of the First, Fourth, Sixth, and Fourteenth Amendments.[3] *Id*.  Because plaintiffs allege 184 separate counts, they are summarized here.  In count 1, plaintiffs assert that defendant Fournier censored Witherow's mail from his attorney on February 10, 2000, without notice or right to appeal and without legitimate or reasonable penological purpose or goal.  *Id*.  In counts 2 and 4, plaintiffs contend that defendants Fournier and Hoff censored Witherow's mail to and from former plaintiff Keenan on February 10 and 29, 2000, without probable cause that the letters contained evidence of a crime that was documented in writing and submitted to the Warden, without notice or right to appeal and without legitimate or reasonable penological purpose or goal.  *Id*.  In count 3, plaintiffs contend that defendants Fournier and Hoff censored Witherow's mail to and from former plaintiff Keenan on February 11, 2000 without legitimate or reasonable

---

[1] Pursuant to this court's Report and Recommendation (#177), on August 24, 2006, plaintiff Barbara Keenan was dismissed for failure to prosecute (#192).

[2] Plaintiffs filed their third amended complaint on June 2, 2004 (#89). On March 28, 2005, the District Court granted defendants' motion to dismiss in part and dismissed defendants Jackie Crawford and Steven Suwe, as well as plaintiffs' Sixth Amendment claims and First Amendment right to access to the courts claims (#98). On September 26, 2005, the Court denied defendants Fournier and Hoff's motion to dismiss pursuant to Rule 12(b)(7) and Rule 19 of the Federal Rules of Civil Procedure (#118).

[3] In a Report & Recommendation ("R&R") dated October 12, 2004, this Court recommended dismissal of plaintiff Witherow's claims regarding First Amendment right of access to the courts and Sixth Amendment right to counsel (#94). The District Court adopted and accepted this Court's R&R on March 28, 2005 (#98).

2

penological purpose or goal. *Id.* In counts 5-184, plaintiffs claim that Fournier and Hoff censored 180 pieces of Witherow's mail to and from plaintiff Sikorski (counts 5-24), former plaintiff Keenan (counts 25-56), non-parties (counts 57-134), and Witherow's attorneys (counts 135-184) all without probable cause that the letters contained evidence of a crime that was documented in writing and submitted to the Warden, without notice or right to appeal and without legitimate or reasonable penological purpose or goal. *Id.*

Plaintiffs' motion for partial summary judgement pertains to counts 1 – 134 (#152).

## II.  DISCUSSION & ANALYSIS

**A. Discussion**

**1. Motion for summary judgment**

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994).  In deciding whether to grant summary judgment, the court must view the evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).  The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *see also Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 , 323 (1986).  Once the moving party has met its burden,

the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248.

Only evidence that would be admissible at trial may be considered by the court in ruling on a motion for summary judgment. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002) *citing Beyene v. Coleman Security Services, Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988). Rule 56(c) provides that a reviewing court may consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," to determine whether there is a genuine issue of material fact. Fed. R. Civ. P. 56(c). As to the form of the evidence, Rule 56(e) provides

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

The Ninth Circuit has repeatedly held that unauthenticated documents – documents that do not have a proper foundation – cannot be considered on a motion for summary judgment. *Orr*, 285 F.3d at 773, *citing Cristobal v. Seigel*, 26 F.3d 1488, 1494 (9th Cir. 1994), *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550-51 (9th Cir. 1989), *Beyene v.*

4

*Coleman Security Services, Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988), *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) *and Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686 (9th Cir. 1976); *see also United States v. Dibble*, 429 F.2d 598 (9th Cir. 1970) ("a plaintiff seeking summary judgment who has failed to produce such evidence on one or more essential elements of his cause of action is no more entitled to a judgment... than is a plaintiff who has fully tried his case and who had neglected to offer evidence sufficient to support a finding on a material issue upon which he bears the burden of proof") (internal citations omitted). For the court to consider the evidence attached to a motion for summary judgment, the documents must be "authenticated by and attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Canada*, 831 F.2d at 925 (citation omitted). A court will not find a genuine issue of material fact where the only evidence presented is "uncorroborated and self-serving" testimony. *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996).

In *Beyene v. Coleman Security Services, Inc.*, the Ninth Circuit, referring to Federal Rule of Evidence 901(a), held that the defendants had failed to support their motion for summary judgment with admissible evidence because the exhibits attached to the motion lacked foundation. *Beyene v. Coleman Security Services, Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988). The court found that one of the exhibits submitted was neither a certified copy of trial testimony nor a signed affidavit, and held that an uncertified copy of testimony was inadmissible to support a motion for summary judgment. *Id*. at 1182, n.1, ("at least one circuit has held that 'an uncertified copy of testimony is inadmissible in a summary judgment proceeding'") *quoting Steven v. Roscoe Turner Aeronautical Corp.*, 324 F.2d 157, 161 (7th Cir. 1963). Further, the court found that a second exhibit that included copies of memoranda addressed to third parties by other third parties were

5

not authenticated by an affidavit or declaration signed by a representative of the defendants that merely asserted the exhibits were "true and correct copies." *Beyene*, 854 F.2d at 1183. The *Beyene* court concluded that a writing is not authenticated merely because it is attached to an affidavit,

> [e]ven if the writing appears on its face to have originated from some government agency... the foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery.

*Beyene*, 854 F.2d at 1182.

### B. Analysis

The plaintiffs attach seven exhibits to their motion for summary judgment (#152). Defendants argue that each of the plaintiffs' seven exhibits is not certified or otherwise authenticated in violation of Rule 56 and, therefore, the evidence should not be considered in support of the plaintiffs' motion (#165). In reply, the plaintiffs make a blanket statement that their documents are sufficiently authenticated and supported by affidavits, but fail to specifically demonstrate how each document has been authenticated (#173). Plaintiffs argue that the defendants have waived their opportunity to substantively oppose the motion for summary judgment because the defendants made procedural arguments only and failed to challenge plaintiffs' undisputed facts. *Id*.

The plaintiffs are represented by counsel and thus, the liberal *pro se* prisoner rules do not apply.

**1. Exhibit 1 and Exhibit 1 Attachments**

The defendants argue that plaintiffs' Exhibit 1 (affidavit of plaintiff Witherow) is an improper attempt to authenticate all other exhibits to the plaintiffs' motion for summary

6

judgment, as well as the attachments to Exhibit 1 (#165).[4] Defendants cite *Orr* for the proposition that an affiant purporting to authenticate a document must be a person through whom exhibits could be admitted into evidence. *Id.*, *citing Orr*, 285 F.3d at 773-74. Plaintiff Witherow's affidavit states that he is competent to testify as to the matters set forth in his affidavit, that all matters are based on his personal knowledge, and that each of the documents attached to the affidavit (Exhibit 1 Attachments 1-7) "are true and correct copies of documents contained within my legal and personal files and records." *See* Exhibit 1, Affidavit of John Witherow, ¶¶ 2 and 3.

As defendants correctly point out, plaintiffs fail to identify whether the attachments to Exhibit 1 were produced during discovery and who produced them, which is grounds in itself for exclusion from evidence. *Orr*, 285 F.3d at 777. Further, plaintiffs failed to submit affidavits from the authors and/or custodians of each of the attachments to Exhibit 1 in order to authenticate them, and therefore, these attachments lack foundation and may not be considered. *Beyene*, 854 F.2d at 1182-83. Because the attachments to Exhibit 1 lack foundation, the Court will not rely on them in determining whether to grant the plaintiffs' motion for summary judgment.

Exhibit 1, plaintiff Witherow's affidavit, standing alone without the attachments, is unsupported by any other document and appears to be "self-serving." *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996). Thus, it cannot be a basis for finding a lack of a genuine issue of material fact. *Id.*

///

---

[4] Attachment 1 is "Defendant Fournier's 12/21/99 request to monitor mail"; Attachment 2 is "Defendant Fournier's 12/23/99 request to censor mail"; Attachment 3 is "Letter from Attorney Evans to Warden Meligan"; Attachment 4 is "Information on Book: Ur-Ine Trouble, by Dr. Kent Holtorf"; Attachment 5 is "Informative from Defendant Fournier to Warden Meligan"; Attachment 6 is "LCC Book Committee approvals for book: Ur-Ine Trouble"; Attachment 7 is "Unauthorized mail notice - inmate to inmate correspondence."

**2. Exhibits 2, 6 & 7**

The defendants argue that plaintiffs' Exhibit 2 (an uncertified copy of AR 750), Exhibit 6 (an uncertified copy of NDOC's Administrative Directive #2-95 (1/19/95)) & Exhibit 7 (an uncertified copy of NDOC's Institutional Procedure #7.02 (11/23/99)) were not properly authenticated and therefore should not be considered by the court in conjunction with the plaintiffs' motion for summary judgment (#165). The Court agrees. None of these exhibits is accompanied by supporting affidavits from the NDOC affirming their authenticity, nor are the documents "sworn or certified copies." Further, the plaintiffs have not identified that they were produced in discovery or by whom. *Orr*, 285 F.3d at 777.

Because Exhibits 2, 6 and 7 lack foundation, the Court will not rely on them in determining whether to grant the plaintiffs' motion for summary judgment.

**3. Exhibits 3 & 4**

The defendants argue that because plaintiffs' Exhibit 3 (deposition testimony of defendant Michael Hoff) and Exhibit 4 (deposition testimony of defendant Charles Fournier) are not signed by the deponents and are not properly certified by the court reporter, both exhibits are inadmissible (#165). The Court agrees. Review of both exhibits shows that there is no court reporter certification, nor are the deposition transcripts signed by either deponent. *See* Exhibit 3, Deposition of Michael Hoff, pages 72-74 and Exhibit 4, Deposition of Charles Fournier, pages 103- 105. When a reporter's certification is missing from a deposition transcript, the exhibit is not properly authenticated. *Orr*, 285 F.3d at 774.

Because Exhibits 3 and 4 lack foundation, the Court will not rely on them in determining whether to grant the plaintiffs' motion for summary judgment.

///

**4. Exhibit 5**

The defendants argue that Exhibit 5, plaintiff Sikorski's affidavit, fails to indicate the county in which the affidavit was executed, and instead has the word "place" where the name of the county should be. The Court finds that this "error" is insignificant, and that plaintiff Sikorski's affidavit is proper.

### III. CONCLUSION

Attachments to Exhibit 1, and Exhibits 2, 3, 4, 6, and 7 all lack foundation and therefore will not be considered by the court. The plaintiffs have supported their motion for summary judgment with only Exhibit 1 (plaintiff Witherow's affidavit), which by itself is self-serving, and Exhibit 5 (plaintiff Sikorski's affidavit), which merely states that Ms. Sikorski never received a notice that her mail was being censored.

Based on the foregoing and for good cause appearing, the Court concludes that the plaintiffs have failed to support their motion for summary judgment with admissible evidence sufficient to show there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.[5] As such, the court recommends that the plaintiffs' motion for summary judgment (#152) be DENIED.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)© and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days

---

[5] It is worth noting that this court's Report & Recommendation ("R&R") dated May 25, 2006 (#159), recommended denial of the plaintiffs' motion for injunctive relief based on the fact that the motion was supported by evidence that the court found "unnavigable" and "wholly deficient." Further, the court found that a number of documents referred to in the motion for injunctive relief were not attached. *Id*. The R&R was adopted by the District Court on August 23, 2006 (#190). Thus, plaintiffs were on notice that the evidence attached to their motion for summary judgment was likely to be closely examined for procedural defects and had the opportunity to correct any errors on the record.

9

of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the plaintiffs' motion for summary judgment (#152) be **DENIED**.

**DATED:** October 16, 2006.

*Valerie P. Cooke*

_____
**UNITED STATES MAGISTRATE JUDGE**