**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHN WITHEROW, ET AL., )
) 3:01-CV-0404-LRH (VPC)
    Plaintiff, )
)
  vs. ) **ORDER**
)
JACKIE CRAWFORD, ET AL, )
)
    Defendants. ) October 17, 2006
_____)

Before the Court is the plaintiffs' motion to strike information from the defendants' motion for summary judgment (#176). Defendants opposed (#188). The Court has thoroughly reviewed the record and the motions and for the reasons stated below, the plaintiffs' motion to strike (#176) is granted in part and denied in part.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff John Witherow ("Witherow") is currently incarcerated at Lovelock Correctional Center ("LCC") in the custody of the Nevada Department of Corrections ("NDOC") (#151). Witherow's claims involve events that occurred while he was incarcerated at Northern Nevada Correctional Center ("NNCC") (#89). Plaintiff Julie Sikorski ("Sikorski") is plaintiff Witherow's mother.[1] *Id*. Plaintiffs brought their action pursuant to 42 U.S.C. § 1983, alleging prison officials violated their civil rights during Witherow's incarceration at NNCC because defendants improperly censored Witherow's mail and failed to follow their own administrative process requiring that NNCC provide a prisoner and the sender notice and an opportunity to appeal censorship decisions (#89). Plaintiffs name as defendants Jackie Crawford, former NDOC director, and NNCC correctional officers Charles Fournier, Michael Hoff, and Steven Suwe.[2]

---

[1] Pursuant to this Court's Report and Recommendation (#177), on August 24, 2006, plaintiff Barbara Keenan was dismissed for failure to prosecute (#192).

[2] Plaintiffs filed their third amended complaint on June 2, 2004 (#89). On March 28, 2005, the District Court granted defendants' motion to dismiss in part and dismissed defendants Jackie Crawford and

1 *Id*.

2     Specifically, plaintiffs allege defendants improperly censored Witherow's mail in
3 violation of the First, Fourth, Sixth, and Fourteenth Amendments.[3] *Id*. Because plaintiffs allege
4 184 separate counts, they are summarized here. In count 1, plaintiffs assert that defendant
5 Fournier censored Witherow's mail from his attorney on February 10, 2000, without notice or
6 right to appeal and without legitimate or reasonable penological purpose or goal. *Id*. In counts
7 2 and 4, plaintiffs contend that defendants Fournier and Hoff censored Witherow's mail to and
8 from former plaintiff Keenan on February 10 and 29, 2000, without probable cause that the letters
9 contained evidence of a crime that was documented in writing and submitted to the Warden,
10 without notice or right to appeal and without legitimate or reasonable penological purpose or goal.
11 *Id*. In count 3, plaintiffs contend that defendants Fournier and Hoff censored Witherow's mail
12 to and from former plaintiff Keenan on February 11, 2000 without legitimate or reasonable
13 penological purpose or goal. *Id*. In counts 5-184, plaintiffs claim that Fournier and Hoff censored
14 180 pieces of Witherow's mail to and from plaintiff Sikorski (counts 5-24), former plaintiff
15 Keenan (counts 25-56), non-parties (counts 57-134), and Witherow's attorneys (counts 135-184)
16 all without probable cause that the letters contained evidence of a crime that was documented in
17 writing and submitted to the Warden, without notice or right to appeal and without legitimate or
18 reasonable penological purpose or goal. *Id.*

19     On June 9, 2006, defendants filed a motion for summary judgment, attaching Exhibits A
20 – Q (#167). Shortly thereafter, plaintiffs moved the Court for an order striking information from
21 defendants' motion for summary judgment based on the fact that defendants' Exhibits F, G, I, J,
22 K, L, M, N and O are "irrelevant and inadmissible" (#176). Defendants opposed, arguing that the
23 law cited by plaintiffs is not applicable and that each of the nine exhibits are both admissible and

---

25 Steven Suwe (#98). On September 26, 2005, the Court denied defendants Fournier and Hoff's motion to dismiss pursuant to Rule 12(b)(7) and Rule 19 of the Federal Rules of Civil Procedure (#118).

27 [3] In a Report & Recommendation ("R&R") dated October 12, 2004, this Court recommended dismissal of plaintiff Witherow's claims regarding First Amendment right of access to the courts and Sixth Amendment right to counsel (#94). The District Court adopted and accepted this Court's R&R on March 28, 2005 (#98).

relevant (#188).

## II. DISCUSSION & ANALYSIS

### A. Discussion

The Federal Rules of Civil Procedure allow a court to grant summary judgment to a moving party if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Only evidence that would be admissible at trial may be considered by the court in ruling on a motion for summary judgment. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002) *citing Beyene v. Coleman Security Services, Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Evidence that is not relevant is not admissible. Fed.R.Evid. 402.[4]

### B. Analysis

#### 1. Exhibit F

Plaintiffs argue that because defendants did not reference Exhibit F in their motion for summary judgment, it is not relevant (#176). Defendants counter by stating that Exhibit F discusses the procedure for receiving packages at the prison and is therefore relevant to dispute plaintiffs' claim that the NDOC does not have a regulation defining or governing packages (#188). The Court finds that Exhibit F is relevant to plaintiffs' factual allegations regarding the prison's handling of his packages. The plaintiffs' motion to strike Exhibit F is denied.

---

[4] Plaintiffs cite three cases in support of their motion to strike; however, none of them stands for the proposition for which it was cited and none are relevant to the issues involved in this motion to strike (#176). *Carmen v. San Francisco Unified School Dist.*, 237 F.2d 1026, 1029 (9th Cir. 2001) involved whether a court has an independent duty to review the record in a case for evidence that was not brought to the court's attention in summary judgment papers. *Carmen* did not hold, as the plaintiffs urge, that "documents or information supporting the moving or opposing party in summary judgment proceedings be contained within the files of the court" (#176). Similarly, the Court has reviewed *Markel v. Board of Regents of University of Wisconsin System*, 276 F.3d 906, 912 (7th Cir. 2002) and *Wallace v. Tilley*, 41 F.3d 296, 302 (7th Cir. 1994) and concludes that neither case is irrelevant to the particular issue at hand.

**2. Exhibit G**

Plaintiffs argue that Exhibit G was not in effect during the time period at issue in this case and notes that Exhibit G states on its face that it was "superseded" on November 23, 1999 (#176). Defendants state that this exhibit was included to demonstrate the general principle that NDOC updates its procedures from time to time, that sometimes there are inconsistencies, and that the Court may disregard Exhibit G (#188). As Exhibit G was not in effect at the time of the incidents in this case, the Court finds that it is not relevant. The plaintiffs' motion to strike Exhibit G is granted.

**3. Exhibits J, K and L**

Plaintiffs contend, without explanation, that Exhibits J, K and L, which are Administrative Directives, were not in effect in December 1999 or thereafter (#176). Defendants argue that these exhibits, which are Administrative Directives, can and do remain in effect if they are not superseded by subsequent actions of the Board of Prison Commissioners (#188). Nothing in Exhibits J or K indicates whether the directives expired or were superseded, and Exhibit L specifically states "[t]his directive will be in effect until specifically changed by subsequent directive or incorporated into a revision of AR 711" (#167, Exhibit L). In the absence of proof that these Exhibits were superseded by subsequent actions of the prison, the Court denies the plaintiffs' motion to strike Exhibits J, K and L.

**4. Exhibits I and O**

Plaintiffs assert that Exhibits I and O are not relevant (#176). Defendants argue that Exhibit I shows that the NDOC uses a definition of "inmate" that includes parolees, which is relevant to plaintiffs' contention that the rule prohibiting inmates from communicating does not apply to his communications with former plaintiff Keenan while she was on parole (#188). Further, defendants argue that Exhibit O is relevant concerning plaintiffs' contention that attorneys are required at and/or allowed to attend disciplinary hearings. *Id*. The Court agrees with the defendants that both exhibits are relevant. The plaintiffs' motion to strike Exhibits I and O is denied.

**5. Exhibits M and N**

Plaintiffs argue that Exhibits M and N, which are memoranda from defendant Fournier to the Warden of NNCC requesting permission to monitor plaintiff Witherow's mail (Exhibit M) and the factual basis for that request (Exhibit N), are inadmissible because they are both hearsay and additionally contain hearsay statements by other inmates, thereby creating a double hearsay issue (#176). Plaintiff Witherow contends that because the defendants will not provide the plaintiff with the names of the inmates who made statements about the plaintiffs' involvement in bringing drugs into the prison, the information is not trustworthy. *Id*. Defendants contend that these exhibits are relevant and admissible because the inmate statements within the memoranda are not offered for their truth, but instead are offered to show how defendant Fournier came to view the plaintiff as a suspect (#188). Further, defendants contend that Fournier's reports to the Warden are admissible under the present sense impression exception to the hearsay rule. *Id*.

Hearsay is a statement "other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Hearsay is not admissible unless it falls under an exception. Fed.R.Evid. 802. "Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." Fed.R.Evid. 805. A present sense impression is a statement "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Fed.R.Evid. 803(1).

Defendants cite to Exhibits M and N in their motion for summary judgment in reference to how defendant Fournier began his investigation of plaintiff Witherow (#167, p.2), and to Exhibit N in their reply motion for the same reason (#187, p.5). Nowhere do defendants argue that the statements made by the inmates in Exhibit N are true. Defendants submit these reports only to show what led defendant Fournier to request permission from the Warden to monitor plaintiff Witherow's mail. Since the statements by other inmates in Exhibit N are not offered for their truth in this situation, they are not hearsay.

Defendant Fournier created Exhibits M and N as part of a prison investigation into drug use at NNCC. Federal Rule of Evidence 803(6) is an exception to the hearsay rule for records of regularly conducted activity, that allows the admission into evidence "report(s)... made at or near the time by... a person with knowledge, if kept in the course of regularly conducted business activity, and if it was the regular practice of that business activity to make the... report..." Fed.R.Evid. 803(6). As such, defendant Fournier's report falls not under the present sense impression exception, but under the business records exception to the hearsay rule. *Id.*; *U.S. v. Pazsint*, 703 F.2d 420, 424 (9th Cir. 1983) ("It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted"); *see also Colvin v. United States*, 479 F.2d 998, 1003 (9th Cir. 1973) (personal observations of officers contained in police reports are generally admissible); *Clark v. City of Los Angeles*, 650 F.2d 1033, 1037 (9th Cir. 1981) (holding that the business records exception applies only if the individual furnishing the recorded information is "acting routinely, under a duty of accuracy."). The Court finds that both reports are admissible under the business records exception. The plaintiffs' motion to strike Exhibits M and N is denied.

### III. CONCLUSION

Based on the foregoing and for good cause appearing,

**IT IS ORDERED** that the plaintiffs' motion to strike as to defendants' exhibits F, J, K, L, I, O, M and N (#176) is DENIED.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to strike as to defendants' exhibit G (#176) is GRANTED..

October 16, 2006.

_____
**UNITED STATES MAGISTRATE JUDGE**