UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| JOHN WITHEROW, et al., ) | |
| ) | |
| Plaintiffs, ) | 3:01-CV-00404-LRH-VPC |
| ) | |
| vs. ) | ORDER |
| ) | |
| JACKIE CRAWFORD, CHARLES ) FOURNIER, MICHAEL HOFF and STEVEN ) SUWE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    Presently before this court is Plaintiffs' Supplemental Opposition to Defendants' Motion for Reconsideration (#235). This motion was timely filed but came to the court's attention after judgment was entered in Defendants' favor as to all of Plaintiffs' remaining claims. However, to ensure that Plaintiffs' arguments are addressed, this court will discuss why judgment in favor of Defendants was proper even in light of the arguments advanced in the present motion.

**FACTS AND PROCEDURAL HISTORY**

    This is an action brought under 42 U.S.C. § 1983 by John Witherow, an inmate imprisoned at the Nevada Department of Correction's Lovelock State Prison. Additional Plaintiffs are Julie Sikorski and Barbara Keenan, who corresponded by mail with Plaintiff Witherow while he was in custody of the Nevada Department of Corrections. Plaintiffs allege that Defendants Charles Fournier and Michael Hoff, who are correctional officers with the Nevada Department of Corrections, opened and read mail sent to or by Plaintiffs without notifying them of this screening or granting an opportunity to appeal the screening.

1    On December 28, 2006, this court adopted and accepted the Report and Recommendation
2 of U.S. Magistrate Valerie P. Cooke (#197), recommending granting in part and denying in part
3 Defendants' Motion for Summary Judgment (#167).  This order disposed of a number of
4 Plaintiffs' claims but left standing Counts 2, 4, and 5 -134 of the Amended Complaint (#89).

**DISCUSSION**

6    Plaintiffs argue that summary judgment in favor of Defendants as to Plaintiffs' remaining
7 claims is improper because issues still remain for trial.  Plaintiffs advance two arguments for this
8 proposition.  First, Plaintiffs argue that Defendants have violated prison regulation AR 750 by
9 reading Plaintiffs' mail.  This argument does not demonstrate that any genuine issue remains for
10 trial, however, because the Magistrate's Report and Recommendation, which this court adopted
11 (#206), concluded that Plaintiffs were not denied a liberty interest protected by the Due Process
12 Clause even if Defendants violated AR 750.  (#197 at 18).

13   Second, Plaintiffs argue that Defendants violated Plaintiffs' constitutional rights by
14 opening their mail and reading private letters without judicial authorization based upon probable
15 cause.  Plaintiffs then cite to three cases–*Ex Parte Jackson*, 96 U.S. 727 (1877); *United States v.*
16 *Van Leeuwen*, 397 U.S. 249 (1970); and *United States v. Hernandez*, 313 F.3d 1206 (9th Cir.
17 2002)–that address Fourth Amendment protections for persons sending mail through the United
18 States Postal Service.  Plaintiffs again fail to present a genuine issue for trial because the
19 Magistrate's Report and Recommendation, which this court adopted (#206), rejected Plaintiffs'
20 Fourth Amendment claims at summary judgment.  (#197 at 25).

21   The court's order (#236) granting summary judgment in favor of Defendants and against
22 Plaintiffs is reconfirmed.

23   IT IS SO ORDERED.

24   DATED this 30th day of August, 2007.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE